**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF DARWIN LUCERO OSORIO, | : Case No. 1:18-cv-172 |
| | : |
| | : Judge Timothy S. Black |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| WILLIAM P. BARR, United States Attorney General, *et al.*, | : |
| | : |
| | : |
| Defendants. | : |

**ORDER DENYING PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 24)**

This civil action is before the Court upon Plaintiff Darwin Lucero Osorio's motion for judgment on the pleadings (Doc. 24), and the parties' responsive memoranda. (Docs. 26, 30). Specifically, Plaintiff is seeking a *de novo* review of United States Citizenship and Immigration Services' ("USCIS") denial of his Form N-400, Application for Naturalization ("Form N-400"), pursuant to 8 U.S.C. § 1421(c).

### I. BACKGROUND

On December 14, 2018, this Court issued an Order denying Defendants' motion to dismiss. (Doc. 20). In reviewing that Rule 12(b)(6) motion, the Court construed all of Plaintiff's well-pleaded factual allegations as true. Here, in reviewing Plaintiff's Rule 12(c) motion for judgment on the pleadings, the Court must construe all well-pleaded allegations in favor of Defendants.

1

On March 9, 2018, Plaintiff Darwin Lucero Osorio filed his complaint for declaratory and injunctive relief and for a hearing on his naturalization application. (Doc. 1), seeking the Court to review *de novo* and grant his application for naturalization pursuant to 8 U.S.C. § 1421(c).

Plaintiff Osorio is a native and citizen of Guatemala. On November 27, 1997, Plaintiff's stepmother,[1] who was a legal permanent resident ("LPR") of the United States, filed an application on his behalf pursuant to Form I-130, Petition for Alien Relative. (*Id.* at ¶ 12; Doc. 12-1 at PAGEID# 59–60). The petition was approved on September 28, 1998. (Doc. 1 at ¶ 13). Defendants note that that Plaintiff could not apply to become a lawful permanent resident until his priority date, which appears to have first become current on or about March 1, 2003. (Doc. 12-1 at 2 ¶ 5).

On November 10, 2002, Osorio unlawfully entered the United States, along with his brother and three family members. (Doc. 1 at ¶ 14). Defendants contend that Plaintiff was not admitted or paroled after inspection by an Immigration Officer. (Doc. 12-1 at PAGEID# 64–65). Upon entering the United States, Osorio was detained and issued a Notice to Appear ("NTA") before an Immigration Judge. The box checked on the NTA was "2. You are an alien present in the United States who has not been admitted or paroled." Defendants note that the arriving alien box on the NTA was not checked. (*Id.* at PAGEID# 64).

---

[1] Defendants note that records show that Plaintiff's stepmother, not his birth mother, submitted the I-130 form in 1997. (Doc. 12-1 at PAGEID# 59–60).

Osorio was released from custody on November 11, 2002. (*Id.*). Osorio's NTA did not include a date or time of hearing. Osorio was unable to provide an address to the officer who issued the NTA because he did not know where he was going. (Doc. 1 at ¶ 18). Osorio asserts that he was never informed of his Immigration Court hearing. (*Id.* at ¶ 19). Osorio was ordered removed *in abstentia* on January 28, 2003. (*Id.* at ¶ 20; Doc. 12-1 at PAGEID# 66). Osorio alleges that he was not informed of his order of removal. (Doc. 1 at ¶ 21).

Osorio first filed an application for permanent residence on September 2, 2008. (Doc. 1 at ¶ 22). His application for permanent residence was denied twice. The first denial was because he was no longer eligible to adjust as a child due to his age. The second denial was because he had entered the United States without inspection. (*Id.* at ¶ 23). Osorio contended those denials were in error, and when he brought the errors to USCIS's attention, USCIS reopened his case and approved his application on May 27, 2010. (*Id.* at ¶¶ 24–25). At the time that Osorio's application was approved, USCIS was fully aware of Osorio's *in abstentia* order of removal. (*Id.* at ¶ 27). In approving Osorio's application, Helaine Tasch, the USCIS Cincinnati Field Office Director, specifically found that USCIS, not the Immigration Court, had jurisdiction over Osorio's application because he was an arriving alien:

> The applicant was ordered removed by an immigration judge on January 28, 2003, under file A078955225. However, the removal order has never been carried out. Because the applicant was never admitted to the United States, he is considered an arriving alien, and the Service maintains jurisdiction over the I-485 application. See CFR 245.2(a)(1), and 71 Fed. Reg. 27, 585-592. Because it is not

3

> clear if the applicant and his attorney know that the applicant was ordered removed, a copy of the removal order is attached to this notice.

(Doc. 16-1 at 3).

Based on USCIS's granting of his application for permanent residency, Osorio filed his application for naturalization on July 30, 2015. (Doc. 1 at ¶ 29). On December 8, 2015, during an interview related to his application for naturalization with USCIS, USCIS informed Osorio that USCIS could not proceed with his application for naturalization until the order of removal was rescinded and the case terminated. (*Id.* at ¶¶ 30–31). On May 5, 2016, Osorio's counsel and JoAnne McLane, Chief Counsel for the Department of Homeland Security ("DHS"), filed a joint motion to reopen and dismiss his order of removal with the Immigration Court in Harlingen, Texas. (Doc. 16-2). Immigration Judge David Ayala vacated the *in abstentia* order of removal and terminated the removal proceedings on May 11, 2016. (*Id.*). In that order, the Immigration Judge vacated the order of removal because Osorio had "since adjusted to that of a permanent resident." (*Id.*).

On October 18, 2016, USCIS denied Osorio's application for naturalization based on a finding that he "had not lawfully acquired permanent resident status." (Doc. 12-1 at PAGEID# 43–45). Osorio filed a Form N-336 for a rehearing of the denial of his application for naturalization on November 21, 2016. (Doc. 1 at ¶ 36). On February 13, 2018, USCIS reaffirmed its decision to deny Osorio's naturalization application. (*Id.* at ¶ 37).

## II.  STANDARD OF REVIEW

A motion for judgment on the pleadings may be made "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c).  The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (citing *JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations, or unwarranted factual inferences of the non-moving party's pleadings.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

## III.  ANALYSIS

Based on the pleadings and public records referenced by the parties, and taking as true all well-pleaded material allegations of the pleadings of the Defendant, the Court cannot find that Plaintiff is clearly entitled to judgment.

Osorio requests review of USCIS's denial of his naturalization application pursuant to 8 U.S.C. § 1421(c), which provides as follows:

> A person whose application for naturalization under this subchapter
> is denied, after a hearing before an immigration officer under section

> 1447(a) of this Title, may seek review of such denial before the
> United States district court for the district in which such person
> resides in accordance with chapter 7 of title 5. Such review shall be
> de novo, and the court shall make its own findings of fact and
> conclusions of law and shall, at the request of the petitioner, conduct
> a hearing de novo on the application.

8 U.S.C. § 1421(c). "Even if the [agency] is allowed to make the initial decision on a naturalization application, the district court has the final word and does not defer to any of the [agency's] findings or conclusions." *Bigure v. Hansen*, No. 1:16-CV-808, 2017 WL 25503, at *3 (S.D. Ohio Jan. 3, 2017) (quoting *United States v. Hovsepian*, 359 F.3d 1144, 1162 (9th Cir. 2004)) (alterations in original).

An LPR seeking to become a United States Citizen through naturalization must meet every requirement of the Immigration and Nationality Act ("INA"). The requirements for naturalization are set forth in the Immigration and Nationality Act:

> No person, except as otherwise provided in this title, shall be
> naturalized, unless such applicant, (1) immediately preceding the
> date of filing his application for naturalization has resided
> continuously, after being lawfully admitted for permanent residence,
> within the United States for at least five years and during the five
> years immediately preceding the date of filing his application has
> been physically present therein for periods totaling at least half of
> that time, and who has resided within the State or within the district
> of the Service in the United States in which the applicant filed the
> application for at least three months, (2) has resided continuously
> within the United States from the date of the application up to the
> time of admission to citizenship, (3) during all the periods referred to
> in this subsection has been and still is a person of good moral
> character, attached to the principles of the Constitution of the United
> States, and well disposed to the good order and happiness of the
> United States.

(INA § 316(a); 8 U.S.C. § 1427(a)).

6

As Defendants correctly note, it has been over two years since USCIS denied Plaintiff's Form N-336. (Doc. 26 at 15). At this time, Osorio's has not provided sufficient information to establish that he is currently eligible for naturalization. Osorio's naturalization application will be required to establish that he meets all of the eligibility requirements.

Moreover, the INA provides that "no person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence in accordance with all applicable provisions of this chapter." 8 U.S.C. § 1429. The INA defines "lawfully admitted for permanent residence" as meaning "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." 8 U.S.C. § 1101(a)(20).

Defendants argue that Osorio was not a lawfully admitted to the United States for permanent residence because he was not an arriving alien. If Osorio was not an arriving alien, then USCIS may not have had jurisdiction to grant his legal permanent residence status in 2010. Defendants point to the NTA to support its contention that Osorio was not an arriving alien. (Doc. 12-1 at PAGEID# 64–65). Nevertheless, based on the facts presented to USCIS, the Cincinnati Field Office Director determined that Osorio was an arriving alien and that he was lawfully admitted for permanent residence. (Doc. 16-1). Moreover, both the Immigration Judge who issued Osorio's *in abstentia* removal order and the Chief Counsel for DHS found that Osorio had been lawfully admitted for

permanent residence. The evidence currently before the Court suggests that Osorio will be able to show that he was a lawfully admitted permanent resident—as finding otherwise will require finding that the USCIS Cincinnati Field Officer, Chief Counsel for DHS, and an Immigration Judge erred in their findings.

Additionally, Defendants seem to contend that when the Immigration Judge vacated the *in absentia* order, the judge did not rescind the order. (Doc. 26 at 13–14). Yet, "[t]o vacate, as the parties should well know, means to annul; to cancel or rescind; to declare, to make, or to render, void; to defeat; to deprive of force; to make of no authority or validity; to set aside[.]" *Action on Smoking & Health v. C.A.B.*, 713 F.2d 795, 797 (D.C. Cir. 1983) (per curiam). Therefore, it is also necessary to determine the effect of the Immigration Judge vacating the *in abstentia* removal order, which decision the Court cannot reach in the context of a motion for judgment on the pleadings.

Accordingly, viewing the pleadings in the light most favorable to Defendants, the Court finds that Plaintiff's motion for judgment on the pleadings is not well-taken. As the Court stated in its Order denying Defendants' motion to dismiss, "[t]he ultimate issue in this case is whether Osorio is eligible to become a naturalized citizen." (Doc. 20 at 6).

### IV. CONCLUSION

For the foregoing reasons,

1) Plaintiff's motion for judgment on the pleadings (Doc. 24) is **DENIED.**

2) Forthwith, the parties **SHALL** confer and jointly contact Chambers via email (black_chambers@ohsd.uscourts.gov) to propose a date for a status conference by telephone.

8

**IT IS SO ORDERED.**

Date: 9/30/2020 /s/ Timothy S. Black
Timothy S. Black
United States District Judge